IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In re:

Susan M. & Rodney W. Keena,

(Chapter 7)

Debtors.

Case No. 09-14663

MEMORANDUM DECISION

Susan and Rodney Keena (the debtors) filed a chapter 7 voluntary petition on July 16, 2009.

A Notice of Probable Assets was issued August 19, 2009.  On August 31, 2009, the trustee filed

an objection to the debtors' claim of "homestead exemption," under 11 U.S.C. § 522(d)(1).  A

final hearing scheduled for December 7, 2009 was cancelled when the parties agreed to submit

the issue on stipulated facts and briefs.  The file was thereafter lost to the court.  The matter is

now far past due for decision and I apologize for that.

On December 3, 2009, the parties stipulated to facts including, *inter alia*:

> The debtors own two parcels of real estate.  Parcel 1 is a three
> acre parcel, valued at about $125,000.00, on which the debtors'
> homestead is located.  Parcel 2 is a 22.7 acre parcel, valued at
> about $49,800.00, and its entire northern border is contiguous with
> the entire southern border of Parcel 1.  There are no structures on
> Parcel 2.  There are no natural barriers between the parcels.  No
> roads separate the parcels.  Debtor Susan Keena was awarded
> complete ownership and control of Parcels 1 and 2 on May 10,
> 2001, pursuant to a Judgment.  Homecoming Financial holds a
> mortgage on Parcel 1 in the amount of $162,947.86, as of petition
> date.  There is a separate mortgage on Parcel 2 in the amount of
> $3,000.00, which originated from Glenn Zemke when he owned
> the property. The debtors use Parcel 2 to obtain firewood to heat
> their home, and for hunting purposes.  They have had a garden on

Parcel 2 in years past, but as of December 2009, there was no garden there.

Debtors' Original Schedule A lists "Debtors' home," valued at $125,000.00, and underneath, lists "Attached vacant land to homestead," valued at $49,800.00. The debtors claimed a homestead exemption in "Attached Vacant Land to Homestead" under § 522(d)(1) and §522(d)(5), in the amounts of $40,400.00 and $9,400.00. Their Amended Schedules A and C list "Debtors' Homestead:" and then describe both parcels of land as included in the Homestead. Amended Schedule C claims an exemption in "The Homestead" (both parcels) under §522(d)(1), in the amount of $40,400.00. The trustee objected, arguing that the debtors could not claim a homestead exemption in an attached vacant lot.

I will treat this as cross motions for summary judgment. Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The primary purpose of summary judgment is to avoid trial where there is no genuine issue of material fact in dispute. *See Trautvetter v. Quick*, 916 F.2d 1140, 1147 (7th Cir. 1990).

11 U.S.C. § 522(d)(1) provides the following:

> "The following property may be exempted under subsection (b)(2) of this section:
>
> (1) The debtor's aggregate interest, not to exceed $21,625[1] in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence, in a cooperative that owns property that the debtor or a dependent of the debtor uses as a residence, or in a burial plot for the debtor or a dependent of the debtor."

---

[1] As of December 2009, this amount was $20,200.00.

11 U.S.C. § 101(13A) states: "The term 'debtor's principal residence' --

> (A) means a residential structure, including incidental property, without regard to whether the structure is attached to real property; and
> (B) includes an individual condominium or cooperative unit, a mobile or manufactured home, or trailer."

11 U.S.C. § 101(27B) states: "The term 'incidental property' means, with respect to a debtor's principal residence--

> (A) property commonly conveyed with a principal residence in the area where the real property is located;
> (B) all easements, rights, appurtenances, fixtures, rents, royalties, mineral rights, oil or gas rights or profits, water rights, escrow funds, or insurance proceeds; and
> (C) all replacements or additions."

Under Bankruptcy Rule 4003(c), the party objecting to the exemption bears the burden of proving that an exemption has been improperly claimed. *In re Fink*, 417 B.R. 786, 789 (Bankr. E.D. Wis. 2009). Exemption statutes are to be liberally construed in favor of the debtor. *Id.* (citing *Matter of Geise*, 992 F.2d 651, 656 (7th Cir. 1993)).

No Wisconsin case interprets § 522(d)(1) under similar facts. However, a bankruptcy court within the Fourth Circuit held that an adjoining parcel of land is not used as a residence for the purposes of § 522(d)(1). In *In re Lanier*, the debtors listed a home and 22 acre lot on their bankruptcy Schedule A. *In re Lanier*, 2008 Bankr. LEXIS 1277, *1 (Bankr. E.D.N.C. Apr. 18, 2008). The trustee argued that the 22 acre lot actually included two parcels, one of 12.144 acres and one of 9.026 acres. *Id.* at *2. The debtors' residence was located on the larger parcel, and the trustee objected to the claim that the 9.026 acre parcel was subject to the exemption under § 522(d)(1). *Id.* The court opined that exemptions are to be construed in favor of the debtor, but concluded that "uses as a residence" did not include the adjacent 9.026 acres of pasture used for

abandoned horses. *Id*. at *6. The court focused on the phrase of § 522(d)(1) "uses as a residence" and pointed to the dictionary definitions of "residence" as "the act or fact of dwelling in a place for some time," and as "a building used as a home." *Id*. at *5. Finally, the court distinguished other cases where courts allowed a homestead exemption to apply to an adjacent lot:

> "*In re Dudeney*, 159 B.R. 1003 (Bankr. S.D. Fla. 1993), involved two lots which comprised less than 1/2 acre, which was allowable as a homestead in Florida. *In re Hughes*, 306 B.R. 683 (Bankr. M.D. Ala. 2004), involved an adjacent one-acre lot used to park the family vehicles and as a playground for the children of the debtors. *In re Edwards*, 281 B.R. 439 (Bankr. D. Mass. 2002), involved an adjacent lot used by the debtors' children as a play area, which also contained a shed built by the debtors and landscaping. *In re Allman*, 286 B.R. 402 (Bankr. D. Ariz. 2002), involved contiguous lots, not additional acreage. *In re Ripp*, 176 B.R. 972 (Bankr. M.D. Fla. 1994), involved two adjacent lots, containing a satellite dish, sprinkler system, playhouse and sandbox. *In re Mohammed*, 376 B.R. 38 (Bankr. S.D. Fla. 2007), involves lots of less than one-half acre in total." *Id*. at *7-8.

Our case is similar to *Lanier*. Except, in our case, there is no structure on the adjacent lot at all. While a judgment awarded one of the debtors both lots at the same time, that judgment describes the lots separately. Little suggests that the adjacent lot qualifies as "incidental property," or that it has been commonly conveyed with the principal residence. The only uses connected to the house is obtaining firewood and hunting, and this is not enough to establish that the lot is necessary to the support, operation and upkeep of the debtors' residence. The adjacent lot is not "property the debtor uses as a residence," and therefore, under a straightforward interpretation of § 522(d)(1), the debtors cannot claim an exemption in an empty lot adjacent to their residence property.

4

The debtors suggest that we are somehow bound by interpretations of Wisconsin's own exemption laws when determining the application of § 522(d)(1). Judge McGarity has noted the differing opinions on whether courts should refer to state law to interpret § 522(d)(1). *In re Fink*, 417 B.R. 786, 789 (Bankr. E.D. Wis. 2009). But I am not inclined to do so.

A Wisconsin "homestead" means "the dwelling and so much of the land surrounding it as is reasonably necessary for use of the dwelling as a home, but not less than one-fourth acre, if available, and not exceeding 40 acres." Wis. Stat. § 990.01(13)(a). Under Wis. Stat. §990.01(14), "Exempt homestead" means:

> "the dwelling, including a building, condominium, mobile home, manufactured home, house trailer or cooperative or an unincorporated cooperative association, and so much of the land surrounding it as is reasonably necessary for its use as a home, but not less than 0.25 acre, if available, and not exceeding 40 acres, within the limitation as to value under s. 815.20, except as to liens attaching or rights of devisees or heirs of persons dying before the effective date of any increase of that limitation as to value."

In *In re Olsen*, Judge Kelley considered whether in Wisconsin, contiguous land surrounding a residence is considered reasonably necessary, as long as the amount of land does not exceed the statutory 40-acre limitation. *In re Olsen*, 322 B.R. 400, 403-404 (Bankr. E.D. Wis. 2005). Judge Kelley acknowledged Judge Frawley's 1986 decision in *In re Mann,* 82 B.R. 981 (Bankr. W.D. Wis. 1986), holding that "property which otherwise can be classified as homestead property should presumptively be considered 'reasonably necessary for the use of the dwelling as a home,' as long as it does not exceed such prescribed limits." *Id*. She pointed out that the court did not cite any authority for this presumption. *Id*. at 404. Considering the plain meaning of the Wisconsin homestead exemption, Judge Kelley declined to adopt the presumption that all

5

contiguous land up to 40 acres is reasonably necessary for the use of the dwelling as a home. *Id.* at 406.

Here, the adjacent lot is not "reasonably necessary for its use as a home." As acknowledged by the debtors, the lot serves two purposes: gathering firewood, and hunting. This does not rise to the level of "reasonably necessary." Moreover, in their original schedules, the debtors listed the two lots separately, calling their residential property "Debtors' Home," and the adjacent property "Vacant Lot." They later amended in order to claim an exemption in both parcels, but their original schedules imply that they did not intend to use the vacant lot as a residence – they changed their mind when they saw the homestead exemption would be beneficial.

Federal case law supports an interpretation of § 522(d)(1) that favors sustaining the trustee's objection, and cases interpreting Wisconsin's homestead exemption do not compel a different outcome. The only facts here that could support the debtors' argument that the lot should be included in the homestead exemption is that the debtor came into ownership of the two parcels at the same time, and that they make some use of the adjacent lot. This is not enough to establish that the debtors use the adjacent lot as a residence.

For these reasons, the trustee's motion for summary judgment is GRANTED, and the debtors' motion for summary judgment is DENIED. It will be so ordered.

Dated:  December 13, 2011

ROBERT D. MARTIN
UNITED STATES BANKRUPTCY JUDGE

6